**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 09-50231 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00098-VAP-1 |
| v. | |
| **RYAN MARSHAL CLARKE**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted April 15, 2011[**]
Pasadena, California

Before:     **KOZINSKI**, Chief Judge, **D.W. NELSON** and **BYBEE**, Circuit
Judges.

The district court expressly determined that "[t]he defendant's criminal

history places him in criminal history category 5." In doing so, the court

necessarily rejected Clarke's requests for downward departures and therefore

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

complied with Federal Rule of Criminal Procedure 32.  See United States v. Rogers, 119 F.3d 1377, 1384–85 (9th Cir. 1997) (finding that a district court complied with Rule 32 by implicitly resolving an objection to the PSR).

Clarke's challenges to two conditions of supervised release similarly fail. First, the condition requiring Clarke to "notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer" is not unconstitutionally vague because "men of common intelligence" needn't "guess at its meaning and differ as to its application."  United States v. Hugs, 384 F.3d 762, 768 (9th Cir. 2004).  Second, the condition requiring Clarke to "permit a probation officer to visit him . . . at any time at home or elsewhere" is not unreasonable under the Fourth Amendment, see Samson v. California, 547 U.S. 843, 857 (2006), nor is it constitutionally overbroad or vague, or statutorily a "greater deprivation of liberty than is reasonably necessary," see United States v. Soltero, 510 F.3d 858, 865–67 (9th Cir. 2007).

In his plea agreement, Clarke waived his "right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined" so long as he received a within or below Guidelines sentence.  Because Clarke's 96-month sentence falls within the relevant Guidelines range, we don't consider his

remaining arguments.  See United States v. Jeronimo, 398 F.3d 1149, 1154 (9th Cir. 2005).

**AFFIRMED.**