# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2014

Lyle W. Cayce
Clerk

No. 13-40971
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MOLINA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-19-2

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant, Jose Molina, a deportable alien, appeals the term of supervised release imposed following his guilty plea conviction for conspiracy to commit hostage-taking in violation of 18 U.S.C. § 1203. He argues that the supervised release term is procedurally unreasonable because it was imposed without explanation and notwithstanding U.S.S.G. § 5D1.1(c)'s advice that supervised release ordinarily should not be imposed on deportable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aliens.  Molina also argues that the supervised release term is substantively unreasonable because the district court did not account for a factor that should have received significant weight, namely, § 5D1.1(c)'s advice that deportable aliens ordinarily should not be sentenced to terms of supervised release.

Although Molina acknowledges that we apply plain error review when a defendant fails to object to the procedural or substantive reasonableness of the sentence imposed by the district court, he seeks to preserve for further review his contention that an objection is not required to preserve a claim of substantive unreasonableness.  Plain error review applies because Molina did not object to the procedural or substantive reasonableness of his sentence in the district court.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court has discretion to impose supervised release in cases involving a deportable alien if added deterrence and protection are needed.  *See Dominguez-Alvarado*, 695 F.3d at 329.  Here, the district court adopted the presentence report, which informed the court of the recommendation contained in § 5D1.1(c).  At sentencing, the district court stated that it considered the 18 U.S.C. § 3553(a) factors and that they would be satisfied by a within-guidelines sentence.  The court's implicit consideration of § 5D1.1(c), its consideration of the sentencing factors in § 3553(a), and its express finding that a guidelines sentence was appropriate satisfy the requirement that the district court provide reasons for the sentence imposed.  *See United States v. Becerril-Pena*, 714 F.3d 347, 350-51 (5th Cir. 2013); *Dominguez-Alvarado*, 695 F.3d at 329-30.  Moreover, there is no indication that, if it had been required to give reasons, the court would have concluded that a term of supervised release was warranted.  *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir.

2013).  Molina has not shown that the district court plainly erred, even if its explanation for imposing supervised release were to be deemed inadequate. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Cancino-Trinidad*, 710 F.3d at 607 & n.11.

Molina's three-year term of supervised release is within the guidelines range for his offense of conviction.  It is thus presumptively reasonable, and we "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  The record reflects that the district court implicitly considered § 5D1.1(c)'s recommendation that deportable aliens should ordinarily not be sentenced to supervised release, as well as Molina's history and characteristics, before imposing the within-guidelines term of supervised release.  Molina's arguments are insufficient to rebut the presumption of reasonableness. *See Cancino-Trinidad*, 710 F.3d at 607-08; *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  He has therefore failed to demonstrate, under plain error review, that the supervised release term is substantively unreasonable. *See Puckett*, 556 U.S. at 135; *Cancino-Trinidad*, 710 F.3d at 607-08.

AFFIRMED.