# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10001

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

JOHN MARTIN CABELLO, also known as Chinaman,

      Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:16-CR-415-2

Before HIGGINBOTHAM, ELROD, and HO, Circuit Judges.

PER CURIAM:

John Martin Cabello appeals the imposition of a "standard" condition of supervised release that requires him to "permit a probation officer to visit [him] at any time at home or elsewhere and . . . permit confiscation of any contraband observed in plain view by the probation officer." In his view, this standard visitation condition is substantively unreasonable and at least requires the district court to explain the reasons for its imposition.

Because Cabello did not object in the district court, we review for plain error. *United States v. Ponce-Flores*, 900 F.3d 215, 217 (5th Cir. 2018). To demonstrate plain error, Cabello must show that: "(1) there was an error; (2)

No. 18-10001

the error was clear or obvious; (3) the error affected [his] substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings such that we should exercise our discretion to reverse." *United States v. Oti*, 872 F.3d 678, 690 (5th Cir. 2017).

We have "not addressed the constitutionality or substantive reasonableness of the challenged standard [visitation] condition or whether a district court must explain its reasons for imposing a standard condition of supervised release." *United States v. Ferrari*, 743 F. App'x 560, 561 (5th Cir. 2018). As Cabello concedes, "[w]e ordinarily do not find plain error when we 'have not previously addressed' an issue." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (quoting *United States v. Lomas*, 304 F. App'x 300, 301 (5th Cir. 2008)). Because Cabello failed to show plain error, we AFFIRM the imposition of the visitation condition as part of Cabello's supervised release.

No. 18-10001

PATRICK E. HIGGINBOTHAM, Circuit Judge, concurring:

I concur fully in the affirmance of the district court's sentence. With great respect to the best intentions of my colleague, faithful adherence to the statute does not require an explanation of each standard condition from the lips of district judges and insisting on such a requirement can produce a robotic delivery and perverse consequences in busy districts. Ticking off a laundry list of explanations for thirteen additional standard conditions—most of which are self-evident and administrative—constrains the district judge's ability to communicate directly with a defendant during this critical juncture of the criminal proceeding. District judges are in the best position to tailor the necessary process to ensure that defendants fully understand the constraints imposed. Defendants are provided qualified counsel for sentencing—often Federal Public Defenders—counsel who are keenly aware of these conditions and can give assurances in open court of having explained the conditions to their clients and can lodge any objections counsel may have. As the plain language of 18 U.S.C. § 3583(d) does not require explanation of each standard condition by the district judge, declining to do so is not unfaithful adherence to this statute.

No. 18-10001

JENNIFER WALKER ELROD, Circuit Judge, concurring:

I concur in the panel opinion as it correctly holds that Cabello cannot prevail under the plain-error standard of review. However, I write separately to emphasize that it may be more faithful to the statutory text for sentencing courts to explain the reasons for imposing "standard" conditions of supervised release. Although the Sentencing Guidelines label certain conditions as standard conditions, they are nonetheless discretionary—not mandatory— conditions under 18 U.S.C. § 3583(d) that typically require an explanation.

I.

"In the Sentencing Reform Act of 1984, Congress eliminated most forms of parole in favor of supervised release, a form of [post-confinement] monitoring overseen by the sentencing court . . . ." *Johnson v. United States*, 529 U.S. 694, 696–97 (2000) (citation omitted). 18 U.S.C. § 3583 governs a sentencing court's discretion in deciding whether to impose supervised release and which conditions to impose. 18 U.S.C. § 3583. Section 3583(d) classifies supervised release conditions as either "mandatory" or "discretionary." *Id.* § 3583(d). As mandatory conditions, a sentencing court "shall" require that the defendant not commit a crime, make restitution, not unlawfully possess or use a controlled substance, and submit to drug tests. *Id.* In addition, § 3583(d) also states that:

> The court may order, as a further condition of supervised release, to the extent that such condition –
>> (1) is reasonably related to the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [18 U.S.C. §] 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);

4

> any condition set forth as a discretionary condition of probation in [18 U.S.C. § 3563(b)] and any other condition it considers to be appropriate . . . .

*Id.* Section 3563(b), in turn, lists 23 conditions that the sentencing court may impose as discretionary conditions.  18 U.S.C. § 3563(b).

The divide between mandatory and discretionary conditions under § 3583(d) is clear.  Mandatory conditions are those specifically listed in § 3583(d) that a sentencing court "shall" impose with no room for discretion. *Id.* § 3583(d).  Discretionary conditions include everything else:  those conditions specifically set forth in § 3563(b), as well as any other conditions that a sentencing court considers to be appropriate, that the court "may" impose, only "to the extent that such condition[s]" can satisfy the three prerequisites.  *Id.*

Although § 3583(d) divides supervised release conditions into only two categories, courts are more familiar with four different types of conditions: mandatory, discretionary, standard, and special.  This four-part categorization is nowhere to be found in the statutory text of § 3583(d).  This instead is largely a product of the Sentencing Guidelines.  *See* U.S.S.G. § 5D1.3; *see also United States v. Bryant*, 754 F.3d 443, 444 (7th Cir. 2014) ("[S]tandard conditions are found in the sentencing guidelines rather than in the Sentencing Reform Act").  The Guidelines recommend 13 standard conditions, many of which are identical to or expand on some of the statutory discretionary conditions. *Compare* 18 U.S.C. § 3563(b)(16) ("[The defendant shall] permit a probation officer to visit him at his home or elsewhere as specified by the court")*, with* U.S.S.G. § 5D1.3(c)(6) ("The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere . . . ").

The Administrative Office of the United States Courts (AO), which has provided guidance for sentencing courts, has similarly observed that

No. 18-10001

"[d]iscretionary conditions of supervision are differentiated into 'standard' and 'special' conditions."[1]  To further aid sentencing courts, the AO developed and distributed AO Form 245B, "Judgment in a Criminal Case," which incorporates all 13 standard conditions recommended by the Guidelines.[2]  In turn, many district courts—including every district court in Texas—have adopted or incorporated the standard conditions listed in AO Form 245B as their own standard conditions.[3]

Notwithstanding the fact that the Sentencing Commission and the AO have categorized these conditions as standard conditions, these conditions are *discretionary* conditions under § 3583(d), the statute given to us by Congress.

II.

All discretionary conditions under § 3583(d)—regardless of whether they are standard or special conditions under the Guidelines—typically require an explanation by the sentencing court.  Congress has required sentencing courts to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *see also United States v. Alvarez*, 880 F.3d 236, 240 (5th Cir. 2018); *cf. United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) ("The district court must adequately explain the sentence 'to allow for meaningful appellate review and to promote the perception of fair

---

[1] *Overview of Probation and Supervised Release Conditions*, Administrative Office of the U.S. Courts 8 (Nov. 2016), https://www.uscourts.gov/sites/default/files/ overview_of_probation_and_supervised_release_conditions_0.pdf ("Standard conditions are applicable to all defendants.  Special conditions provide for additional . . . monitoring tools as necessary to achieve the purposes of sentencing in the individual case.").

[2] AO Form 245B can be accessed through the following link: https://www.uscourts.gov/sites/default/files/ao245b.pdf.

[3] E.D. Tex. General Order 17-3, General Order Adopting the Standard Conditions of Supervision (Jan. 27, 2017), http://www.txed.uscourts.gov/sites/default/files/goFiles/17-03_0.pdf; N.D. Tex. Probation and Pretrial Services, Conditions of Supervision, https://www.txnp.uscourts.gov/content/conditions-supervision (last visited Jan. 29, 2019); S.D. Tex. General Order No. 2017-01 (Jan. 6, 2017), https://www.txs.uscourts.gov/ district/genord; W.D. Tex. Standing Order, Conditions of Probation and Supervised Release (Nov. 28, 2016), https://www.txwd.uscourts.gov/judges-information/standing-orders/.

sentencing.'" (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007))). Applying § 3553(c) and § 3583(d) to the Guidelines' special conditions, a subset of statutory discretionary conditions, "courts of appeals"—including this court—"have consistently required district courts to set forth factual findings to justify special . . . conditions." *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (quoting *United States v. Warren*, 186 F.3d 358, 366 (3d Cir. 1999)). "Even without factual finding by the district court, we may still affirm a special condition if we can infer the district court's reasoning after an examination of the record." *Alvarez*, 880 F.3d at 240. However, if neither the district court's stated reasoning nor the record supports the imposition of the special condition, then "we must vacate and remand for resentencing." *United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015).

We have not yet adopted a similar understanding of § 3553(c) and § 3583(d) for the Guidelines' standard conditions, another subset of statutory discretionary conditions. Although we have observed that standard conditions found in written judgment need not be orally pronounced because they are "[i]mplicit in the very nature of supervised release," *United States v. Torres-Aguilar*, 352 F.3d 934, 936 (5th Cir. 2003) (alteration in original) (quoting *United States v. Truscello*, 168 F.3d 61, 62 (2d Cir. 1999)), we have not directly "addressed . . . whether a district court must explain its reasons for imposing a standard condition of supervised release," *United States v. Ferrari*, 743 F. App'x 560, 561 (5th Cir. 2018). Our sister circuits that have examined the issue have expressed differing views. Some of our sister circuits have treated standard conditions to be implicit in supervised release like mandatory conditions—thus not requiring any explanation—because the Guidelines have recommended those conditions as standard. *See, e.g., United States v. Munoz*, 812 F.3d 809, 823 (10th Cir. 2016); *United States v. Tulloch*, 380 F.3d 8, 13 (1st

Cir. 2004) ("The Guidelines flatly recommend the standard conditions, without qualification or prerequisite.").

This approach seems fraught with potential problems. At threshold, the Guidelines do not state that a sentencing court should impose the recommended standard conditions without explaining the reasons for imposing them. The Guidelines simply recommend them as options. *See* U.S.S.G. § 5D1.3(c). And regardless of what the Guidelines say, the Guidelines cannot negate § 3553(c)'s statutory requirement that a court explain the reasons for imposing a particular sentence. Moreover, that the Guidelines have labeled certain conditions as standard conditions does not change the fact that Congress has classified those conditions as discretionary conditions under § 3583(d). And if they are discretionary conditions under § 3583(d), then they should be justified under the factors laid out in § 3583(d). In sum, failure to provide reasons for standard conditions runs the risk of blurring the clear divide between mandatory and discretionary conditions in § 3583(d) by conflating them.

In my view, the Seventh Circuit's approach is more faithful to § 3553(c) and § 3583(d). The Seventh Circuit requires its district courts to explain why they are imposing standard conditions. *United States v. Kappes*, 782 F.3d 828, 846 (7th Cir. 2015). As the Seventh Circuit observed, "a condition's label in the guidelines is ultimately irrelevant. *All* discretionary conditions, whether standard, special or of the judge's own invention, require findings." *Id.*

One may contend that the more textually faithful approach may create more work for sentencing courts. However, I do not think that requiring sentencing courts to explain the imposition of standard conditions would be overly cumbersome. Like in other sentencing contexts, a sentencing court would not necessarily need to make a lengthy explanation to justify imposing standard conditions. *See United States v. Sanchez*, 667 F.3d 555, 567 (5th Cir.

2012) ("[W]hether a lengthy explanation of the sentencing judge's reasoning is necessary is a case-specific inquiry."). The explanations can be brief as long as they are legally sufficient. *See id.*; *see also Rita v. United States*, 551 U.S. 338, 358 (2007). Also, standard conditions only need to be reasonable under § 3583(d)—a relatively low threshold—which we review under a highly deferential abuse-of-discretion standard. *Salazar*, 743 F.3d at 451. Furthermore, we may determine that a sentencing court's failure to make findings was harmless if the record adequately supports such findings. *Id.*

In any event, I encourage courts to give reasons at sentencing for discretionary conditions to be faithful to the text of § 3553(c) and § 3583(d). Although a sentencing court's interest in streamlining its docket is an important one, we have previously rejected a sentencing court's effort to streamline the imposition of the Guidelines' special conditions "based on boilerplate conditions imposed as a matter of course." *Caravayo*, 809 F.3d at 276. I see no express permission under § 3553(c) and § 3583(d) to similarly streamline the imposition of the Guidelines' standard conditions. Accordingly, the more textually faithful practice for sentencing courts under § 3553(c) and § 3583(d) is to explain the reasons for imposing all statutory discretionary conditions—both standard and special conditions under the Guidelines.