# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2019

Lyle W. Cayce
Clerk

No. 17-11368
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONNIE GRAY,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-35-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Donnie Gray appeals his sentence for possessing with intent to distribute methamphetamine. He contends that the district court imposed an unconstitutionally vague and overbroad standard supervised release condition requiring him to "allow the probation officer to visit [him] at any time at [his] home or elsewhere" and to "permit the probation officer to take any items prohibited by the conditions of [his] supervision that he or she observes in plain

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11368

view." He further argues that the district court procedurally erred by imposing the condition without explanation. Because Gray did not object to the imposition of the condition or to the lack of an explanation, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (plain error standard).

We recently upheld a similar condition on plain error review, noting that we have not yet addressed the constitutionality or substantive reasonableness of such a condition or whether a sentencing court must give reasons for imposing a standard supervised release condition. *United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019). Because our law remains unsettled and the other federal circuits have reached divergent conclusions, Gray cannot satisfy the second prong of the plain error test—that error be clear under existing law. *See United States v. McRae*, 702 F.3d 806, 833 (5th Cir. 2012); *compare United States v. Kappes*, 782 F.3d 828, 844, 850-51 (7th Cir. 2015), *with, e.g.*, *United States v. Clarke*, 428 F. App'x 712, 713 (9th Cir. 2011).

AFFIRMED.