# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10975
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAUL ZAPATA-DOMINGUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-22-1

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Raul Zapata-Dominguez pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). He was sentenced to 16 months' imprisonment followed by three years of supervised release. On appeal, Zapata-Dominguez challenges the enhancement of his sentence under § 1326(b)(1) and one condition of his supervised release. As Zapata-Dominguez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10975

concedes, he failed to raise either issue in the district court, and thus plain error review applies. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

First, Zapata-Dominguez challenges the enhancement of his sentence under § 1326(b)(1). Specifically, he argues that: (1) the § 1326(b)(1) enhancement provision is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and (2) his guilty plea was involuntary because the district court failed to inform him that § 1326(b)(1) stated an essential element of his offense. Although Zapata-Dominguez wishes to preserve these arguments for further review, he concedes that they are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which was not overruled by *Apprendi*, 530 U.S. at 490. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005). Zapata-Dominguez has thus failed to show error, plain or otherwise, in this regard. *See Puckett*, 556 U.S. at 135.

Next, Zapata-Dominguez challenges the standard supervised release condition requiring him to "permit a probation officer to visit [him] at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer." Zapata-Dominguez contends that the condition is substantively unreasonable and constitutionally overbroad and that the district court failed to provide reasons supporting its imposition. We recently rejected an identical challenge to the same standard condition on plain error review. *See United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019) (per curiam). In *Cabello*, we explained that there was no plain error precisely because "[w]e have not addressed the constitutionality or substantive reasonableness of the challenged standard visitation condition or whether a district court must explain its reasons for imposing a standard condition of supervised release." *Id.* (brackets omitted) (quoting *United States v. Ferrari*, 743 F. App'x 560, 561 (5th Cir. 2018) (per curiam)). Accordingly, the district

No. 18-10975

court did not plainly err in imposing the standard visitation condition in this case. *See id.*

The judgment of the district court is AFFIRMED.