# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11247
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GLENN RAY SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-196-11

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

After the district court revoked a term of supervised release that was imposed in 2012, the court sentenced Glenn Ray Smith to prison and an additional term of supervised release. Smith challenges a condition of supervised release that requires him to "permit a probation officer to visit him . . . at any time at home or elsewhere and shall permit confiscation of any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11247

contraband observed in plain view." He asserts that this visitation condition is unreasonable and unconstitutionally overbroad.

The Government moves for summary affirmance on the ground that our recent decision in *United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019), forecloses Smith's challenge to the visitation condition. The Government certifies that Smith does not oppose summary affirmance, though he wishes to preserve the issue for possible further review.

In *Cabello*, which was decided while this appeal was pending, this court found no plain error in the imposition of the visitation condition. *Cabello*, 916 F.3d at 544. As Smith concedes, review in this case is also for plain error because he did not object to the condition. *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). *Cabello* is directly on point and dictates that the judgment against Smith be affirmed.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for an extension of time for briefing is DENIED AS MOOT.