# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2019

Lyle W. Cayce
Clerk

No. 18-11040
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID CHIN KWAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-83-1

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:[*]

David Chin Kwan appeals his sentence for conspiracy to possess with intent to distribute marijuana. He contends that the district court imposed an unconstitutional, standard, supervised release condition requiring him to "permit a probation officer to visit [him] at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer." He further argues that the district court procedurally erred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11040

imposing the condition without explanation.  Our review is for plain error only. *See United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining plain error standard of review).

We recently upheld a similar, if not identical, condition on plain error review, noting that we had not yet addressed the constitutionality or substantive reasonableness of such a condition or whether a sentencing court must give reasons for imposing a standard supervised release condition. *Cabello*, 916 F.3d at 544.  Because our law remains unsettled and the other federal circuits have reached divergent conclusions, Kwan cannot satisfy the second prong of the plain error test—that the error be clear or obvious under existing law. *See United States v. McRae*, 702 F.3d 806, 833 (5th Cir. 2012); *compare United States v. Kappes*, 782 F.3d 828, 844, 850-51 (7th Cir. 2015), *with United States v. Clarke*, 428 F. App'x 712, 713 (9th Cir. 2011); *see also Puckett*, 556 U.S. at 135.

AFFIRMED.