# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11130
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AHMAD DARNELL DENSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-23-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Ahmad Darnell Denson pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 84-months' imprisonment and three years of supervised release. As part of its judgment, the district court imposed a standard condition of supervised release that requires Denson to "permit a probation officer to visit [him] at any time at home or elsewhere".

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-11130

Denson challenges the constitutionality of § 922(g), the sufficiency of his factual basis offered in support of his guilty plea, and the constitutionality of the above-described condition of supervised release.  Because Denson did not raise these issues in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Denson must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Denson contends the court plainly erred by accepting the factual basis offered in support of his guilty plea.  He asserts:  § 922(g) does not permit prosecutions for the possession of firearms that traveled in interstate commerce in the distant past; and, if § 922(g) does allow such convictions, it is unconstitutional.  He further contends the statute requires the Government to prove he knew:  he possessed a firearm; he was a felon; and the firearm was in, or affecting, interstate commerce.

As Denson concedes, these contentions are foreclosed by our court's precedent.  *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (rejecting assertion that *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), affected our prior jurisprudence rejecting challenges to constitutionality of § 922(g)(1)); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001) (upholding constitutionality of § 922(g) under Commerce Clause); *United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988) (holding § 922(g)(1) conviction requires proof defendant knew he possessed a firearm, but does not require proof he knew it had an interstate nexus); *see also*

No. 18-11130

*United States v. Rose*, 587 F.3d 695, 705–06 (5th Cir. 2009) (determining *Dancy* remains good law after *Flores-Figueroa v. United States*, 556 U.S. 646 (2009)). Therefore, the court did not plainly err by accepting Denson's factual basis.

Denson contends the above-quoted condition of supervised release is "unreasonable under the Fourth Amendment, [un]constitutionally overbroad and vague, statutorily unreasonable, and a greater deprivation of liberty than is reasonably necessary", and at least requires the district court to explain the reasons for its imposition. Our court, however, "ordinarily do[es] not find plain error when [it has] not previously addressed an issue". *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (internal quotation marks and citation omitted). To that end, we have declined to find plain-sentencing error where, *inter alia*, "this court's law was unsettled". *United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 (5th Cir. 2005); *see also United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006) ("A 'plain' error is one which is clear under current law."). As a result, and because it had not previously addressed the issue, our court recently held imposition of the same condition challenged in this appeal was not plain error. *United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019).

AFFIRMED.