# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11042
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERRAH ARNOLD, also known as Kristen,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-234-2

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Serrah Arnold appeals as substantively unreasonable the 24-month prison sentence imposed following revocation of her probation. She also contends that the district court imposed an unconstitutionally vague and overbroad standard condition of supervised release requiring her to "permit a probation officer to visit [her] at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer."

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11042

Finally, Arnold argues that the district court procedurally erred by imposing the condition without explanation.

With respect to the substantive reasonableness of her prison sentence, Arnold contends that the district court gave no weight to the policy statement range of 4 to 10 months or the factors in 18 U.S.C. § 3553(a) while giving too much weight to the fact that she repeatedly violated numerous conditions of her probation by using and possessing methamphetamine at least eight times over the course of a year. We review the sentence under the plainly unreasonable standard. *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). We recognize that Arnold's sentence was well above the policy statement range, but "[w]e have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *United States v. Warren,* 720 F.3d 321, 332 (5th Cir. 2013) (collecting cases). Moreover, the district court's statements at sentencing reflect that it considered the applicable § 3553(a) factors, including deterrence, the nature and circumstances of the offense, and the history and characteristics of the defendant. *See* § 3553(a)(1), (a)(2)(B). Given the deference owed to the district court's sentencing decision, Arnold has not established that her 24-month sentence was substantively unreasonable. *See Kippers*, 685 F.3d at 497, 500.

As to Arnold's arguments related to the visitation condition of supervised release, because she did not object to the imposition of the standard supervised release condition or to the lack of an explanation, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have not before addressed the constitutionality or substantive reasonableness of the visitation condition or whether a sentencing court must give reasons for imposing a standard supervised release condition. *United States v. Cabello*, 916 F.3d 543,

544 (5th Cir. 2019).[1] "We ordinarily do not find plain error when we have not previously addressed an issue." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (internal quotation marks and citation omitted). To that end, we have declined to find plain sentencing error where "this court's law was unsettled." *United States v. Garcia-Rodriguez*, 415 F.3d 452, 456 (5th Cir. 2005).

In light of *Cabello*, Arnold fails to show that the district court committed error that was "so clear or obvious that the trial judge and prosecutor were derelict in countenancing it, even absent [Arnold's] timely assistance in detecting it." *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) (internal quotation marks and citation omitted); *see Puckett*, 556 U.S. at 135. Consequently, we AFFIRM the judgment.

---

[1] As the concurring opinions in *Cabello* evidence, it is currently an open question in this circuit—as well as the source of a circuit split across other circuits—whether sentencing courts are statutorily required to explain the reasons for imposing "standard" conditions of supervised release. *Compare* 916 F.3d at 544-45 (Higginbotham, J., concurring) *with id.* at 545-48 (Elrod, J., concurring).