# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10773

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

EMETERIO ESPINO RAMIREZ,

Defendant – Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-598-1

Before KING, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Emeterio Espino Ramirez, who pleaded guilty to illegal re-entry in violation of 18 U.S.C. § 1326, appeals his sentence consisting of 37 months of imprisonment and three years of supervised release. We AFFIRM.

I.

Ramirez pleaded guilty to one count of illegal re-entry. The presentence report (PSR) recommended an imprisonment range of 30 to 37 months. The

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 18-10773

PSR also noted that, under the Sentencing Guidelines, "the Court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c).

At sentencing, Ramirez argued that "there [was] no reason to vary from [the] Guideline[s]." Ramirez contended that "a Guidelines sentence is appropriate in this case" because although he had other prior re-entries, "the Guidelines has taken that into account." The government "ask[ed] for a high end of the Guideline range" because Ramirez had seven prior re-entries and committed crimes repeatedly. The government emphasized that the high-end sentence would be "to deter him" and to reflect that fact that "he ha[d] not [been] deterred." The district court "adopt[ed] the factual contents of the presence report as [its] factual determination." The district court stated that it was "tempting to vary upwards" but nonetheless concluded that "the Guidelines here are adequate" and that the "high end of the range [was] appropriate."[1] The district court sentenced Ramirez to 37 months of imprisonment and three years of supervised release. The district court's written statement of reasons further provided that "the Court considered the advisory guidelines . . . as well as statutory concerns listed in 18 U.S.C. [§] 3553(a)." Ramirez timely filed a notice of appeal.

---

[1] The PSR listed the following factors that may warrant departure:

> [Ramirez's] immigration and criminal history show a pattern of disregard for federal law as he continue[d] to illegally reenter the United States, despite a conviction for Illegal Entry, and a conviction for Illegal Reentry to the United States, and his currently being under a three-year term of supervised release. As such, his perpetual criminal behavior without deterrence indicates likelihood he will continue this established pattern of illegally reentering the United States in the future.

II.

Because Ramirez failed to object to his sentence at the district court, we review for plain error. *See United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019). To demonstrate plain error, Ramirez must show that "(1) there was an error; (2) the error was clear or obvious; (3) the error affected [his] substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings such that we should exercise our discretion to reverse." *Id.* (alteration in original) (quoting *United States v. Oti*, 872 F.3d 678, 690 (5th Cir. 2017)).

III.

Ramirez argues that the district court plainly erred in imposing a term of supervised release without finding that supervised release would serve as an additional measure of deterrence. We reject this argument.

"The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). However, "[t]his section does not evince an intent to confer a benefit upon deportable aliens that is not available to other defendants." *United States v. Becerril-Pena*, 714 F.3d 347, 350 (5th Cir. 2013). "Instead, the [Sentencing] Commission's official explanation of the [section] suggest[s] that they were animated primarily by administrative concerns inherent in trying to administer supervised release as to someone who has been deported." *Id.* (citing U.S.S.G. app. C, vol. III, amend. 756 at 410 (2011)).

District courts may "impose terms of supervised release [on aliens facing deportation] as [the courts] deem necessary to provide 'an added measure of deterrence and protection.'" *Id.* at 349 (quoting *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012)). District courts need to give some

"particularized explanation" in imposing supervised release. *Id.* However, "[a]s in other sentencing contexts where a guidelines sentence is given, the requirement is not onerous." *Id.* (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)). Under the "pragmatic approach" with which we review the sentence, "the district court satisfie[s] its duties—whether reviewed *de novo* or for plain error—with a single sentence finding supervised release appropriate under 'the factors in [§] 3553(a), to deter future criminal conduct, [and in light of the defendant's] particular background and characteristics.'" *Id.* (alterations in original) (quoting *Dominguez-Alvarado*, 695 F.3d at 330). We are "skeptical of requests to second-guess district courts' decisions to impose terms of supervised release . . . [even] when the district court considers the guideline only implicitly." *Id.* at 350.

Ramirez cannot show that the district court erred because the district court satisfied its duty by providing, in its written statement of reasons, that it considered the advisory guidelines as well as the statutory concerns listed in 18 U.S.C. § 3553(a). *See id.* at 349; *see also United States v. Molina*, 577 F. App'x 245, 246 (5th Cir. 2014) ("The [district] court's implicit consideration of § 5D1.1(c), its consideration of the sentencing factors in § 3553(a), and its express finding that a guidelines sentence was appropriate satisfy the requirement [to give reasons.]"). The district court also expressly and fully adopted the PSR, which fully quoted § 5D1.1. *See United States v. Heredia-Holguin*, 679 F. App'x 306, 309 (5th Cir. 2017) (implicit consideration of § 5D1.1, evinced by the district court's full adoption of the PSR discussing § 5D1.1, is sufficient). Furthermore, given the exchange with defense counsel and the government regarding the propriety of a within-guidelines sentence and deterrence at sentencing, the district court implicitly found that supervised release would provide an added measure of deterrence. *See*

No. 18-10773

*Becerril-Pena*, 714 F.3d at 350.  For these reasons, Ramirez cannot show an error.

Ramirez also cannot show that his substantial rights were affected. *Cabello*, 916 F.3d at 544.  Given Ramirez's lengthy criminal history and several prior re-entries into the United States, the district court would not have concluded that supervised release was unwarranted even if it had explained its reasons in greater details.  *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013) (holding that, because the alien had a lengthy criminal history, no substantial rights were affected as the district court would have concluded that supervised release would have added a measure of deterrence).

We AFFIRM the district court's judgment.[2]

---

[2] Ramirez also argues that his sentence (37 months of imprisonment) violated his due process rights because it exceeds the statutory maximum as charged in the indictment, which does not allege Ramirez's prior conviction.  Ramirez concedes that his argument was rejected in *Almendarez-Torrez v. United States*, 523 U.S. 224 (1998).