# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11406
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERVANDO PINEDA-CASTELLANOS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-52-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Servando Pineda-Castellanos appeals his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326 and his above-guidelines sentence of 23 months of imprisonment and two years of supervised release. He argues that the district court plainly erred in sentencing him under § 1326(b)(1) because that statutory enhancement scheme is unconstitutional, and that his guilty plea is involuntary and was accepted in violation of Federal Rule of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11406

Criminal Procedure 11 because he was not admonished that the fact of a prior conviction is an essential element of the offense that the Government must prove to a jury beyond a reasonable doubt.  In addition, he argues that the district court imposed an unconstitutionally and statutorily vague, overbroad, and unreasonable supervised release condition requiring him to permit a probation officer to visit him at any time and place and to permit the probation officer to take any contraband in plain view.  He further argues that the district court insufficiently explained the imposition of this condition.  Pineda-Castellanos concedes that all of his arguments are unpreserved and subject to review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The Government has filed an unopposed motion for summary affirmance arguing that Pineda-Castellanos's arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *United States v. Cabello*, 916 F.3d 543 (5th Cir. 2019).  As Pineda-Castellanos concedes that his arguments are foreclosed by those decisions, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.