# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2019

Lyle W. Cayce
Clerk

No. 19-10101
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HORACIO DOMINGUEZ-VILLALOBOS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-76-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Horacio Dominguez-Villalobos was convicted of illegal reentry after deportation and was sentenced above the guidelines range to 36 months of imprisonment, to be followed by three years of supervised release. He appeals. Dominguez-Villalobos first challenges the substantive reasonableness of his sentence, arguing that his sentence is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10101

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted). The district court's decision to vary above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a). *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006); § 3553(a)(1), (a)(2). Among the reasons the district court cited for the upward variance were the defendant's "13 prior convictions. 12 of which received no criminal history points," the nature of some of those crimes, and a prior illegal reentry sentence of 24 months that did not deter the defendant. Although the 36-month sentence is more than twice the 14 months at the top of the applicable guidelines range, we have upheld much greater variances. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010). Based on the totality of the circumstances, including the significant deference that is due to a district court's consideration of the § 3553(a) factors, the sentence imposed was not substantively unreasonable. *See Gerezano-Rosales*, 692 F.3d at 400-01.

Dominguez-Villalobos also contends that his sentence exceeds the statutory maximum punishment for the offense charged in the indictment and that his guilty plea was unknowing and involuntary because he was not instructed on an essential element of the offense. Regarding the validity of his guilty plea, Dominguez-Villalobos contends that the district court failed to advise him that the felony provision of 8 U.S.C. § 1326(b)(1) was an essential element of the offense. As to his sentence, Dominguez-Villalobos asserts that it exceeds the two-year maximum set forth in § 1326(a) and, thus, violates the

No. 19-10101

holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  As he correctly concedes, these arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).

For the first time on appeal, Dominguez-Villalobos challenges the standard condition of supervised release that requires him to permit a probation officer to visit him at any time at home or elsewhere.  He argues that the visitation condition is unreasonable under the Fourth Amendment and under applicable statutes and is unconstitutionally overbroad.  He concedes that review of this issue is limited to plain error.  *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007).

In *United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019), this court found no plain error in the imposition of the visitation condition.  Dominguez-Villalobos correctly concedes that this argument is foreclosed by *Cabello*, but he seeks to preserve the issue for further review.

The judgment of the district court is AFFIRMED.