# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2019

Lyle W. Cayce
Clerk

No. 18-11299
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ROSALES, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-69-1

Before DAVIS, SMITH and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jose Rosales, Jr., pleaded guilty to one count of possession with the intent to distribute a controlled substance and was sentenced above the advisory guidelines range to 24 months of imprisonment and a two-year term of supervised release. On appeal, he argues that his sentence is substantively unreasonable. He also argues that the district court plainly erred by imposing a condition of supervised release requiring that he "permit a probation officer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to visit him at any time at home or elsewhere" and "permit confiscation of any contraband observed in plain view" of the probation officer.

As to Rosales's challenge to the substantive reasonableness of his sentence, while we generally review the substantive reasonableness of a sentence imposed for an abuse of discretion, *see Gall v. United* States, 552 U.S. 31, 51 (2007), we require an objection in the district court to substantive reasonableness after sentence is pronounced to preserve error. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).[1]　Nonetheless, Rosales's substantive reasonableness challenge fails even under the abuse-of-discretion standard of review. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) (declining to decide standard of review and applying more lenient standard).

In determining substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).　Here, the district court made an individualized assessment as to Rosales and was free to conclude that in this case, the advisory guidelines range gave insufficient weight to some of the sentencing factors. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).　The district court's reasons for imposing a variance adequately reflected the sentencing factors in 18 U.S.C. § 3553(a).　While Rosales's 24-month sentence is 12 months longer than the highest sentence that could have been imposed under his advisory guidelines range, that variance is nevertheless within the range that we have held to be reasonable. *See Lopez-Velasquez*, 526 F.3d at 806-07.

---

[1] The Supreme Court's grant of certiorari in *Holguin-Hernandez v. United States*, No. 18-7739, 2019 WL 429919 (U.S. June 3, 2019), does not disturb our precedent.　*See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).

No. 18-11299

As to Rosales's challenge to the condition of supervised release, because Rosales did not object to the imposition of the condition, our review is for plain error. *See United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014). To prevail on plain error review, Rosales must identify (1) a forfeited error, (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies the first three requirements, this court may, in its discretion, remedy the error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *See id.* Rosales has not shown that the district court's imposition of the condition was a clear or obvious error. *See United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019).

AFFIRMED.