# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 18-11084

————

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

KEVIN RAY PRENTICE,

      Defendant – Appellant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Consolidated With 18-11273

UNITED STATES OF AMERICA,

      Plaintiff - Appellant

v.

KEVIN RAY PRENTICE,

      Defendant - Appellee

————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-149-1

————

No. 18-11084
c/w No. 18-11273

Before HIGGINBOTHAM, JONES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Kevin Ray Prentice pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The district court imposed standard conditions of supervised release, one of which requires Prentice to allow his probation officer to "visit him at any time at home or elsewhere" and to confiscate "any contraband observed in plain view" (the "visitation condition"). On appeal, Prentice asserts the visitation condition violates the Fourth Amendment, is not reasonably related to statutorily enumerated sentencing factors, and involves greater deprivation of liberty than is reasonably necessary to serve the purposes of supervised release. He also claims the district court erred in failing to give reasons for imposing the visitation condition.

Reviewing for plain error, another panel of this court has recently affirmed imposition of the visitation condition and rejected all the challenges Prentice brings now. Bound by *United States v. Cabello*, 916 F.3d 543 (5th Cir. 2019) (per curiam), we AFFIRM.

Prentice pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). He had previously been convicted of six felonies, including two convictions for burglary and two for possession of a firearm by a felon. Prentice was arrested while leaving a gun show after Fort Worth police noticed prison tattoos on his body and saw him arrange for his girlfriend to purchase two firearms on his behalf. He pleaded guilty with no plea agreement

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11084
c/w No. 18-11273

and was sentenced to 188 months in prison and four years of supervised release.  Subject to a fifteen-year statutory minimum, *see* 18 U.S.C. § 924(e)(1), Prentice's guideline range was 180 to 188 months.  Prentice appealed, arguing the district court erred in treating his two Texas burglary convictions as violent felonies under the Armed Career Criminal Act (ACCA).  In light of *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc),[1] the panel agreed. *See United States v. Prentice*, 721 F. App'x 393 (5th Cir. 2018).

On remand, Prentice's new guideline range was 30 to 37 months, but the district court imposed 55 months.  The district court also imposed standard conditions of supervised release both orally and in its written judgment. Among the standard conditions is the visitation condition:

> The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the U.S. Probation Officer.

As Prentice concedes, he did not object to the visitation condition when it was imposed, but he now appeals, arguing that the district court plainly erred in imposing the visitation condition.[2]

Because Prentice did not object to the visitation condition in the district court, we review for plain error.  *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).  To establish plain error, Prentice must demonstrate (1) an unwaived "error or defect" that (2) is "clear or obvious" and (3) affected his "substantial rights, which in the ordinary case means he must demonstrate

---

[1] The judgment in *Herrold* has since been vacated.  *United States v. Herrold*, 139 S. Ct. 271 (2019).  Texas burglary convictions may be treated as violent felonies under the ACCA. *United States v. Herrold*, 941 F.3d 173, 182. (5th Cir. 2019).

[2] Prentice also argues the district court plainly erred by treating two other convictions as serious drug offenses under the ACCA, though he acknowledges the issue "has been resolved by this Court contrary to [his] position and [is] preserved solely for further review."

that it affected the outcome of the district court proceedings." *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks omitted). If Prentice satisfies these three criteria, the panel may "remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation and alteration marks omitted). "Meeting all four prongs is difficult, as it should be." *Id.* (internal quotation marks omitted).

During the pendency of this appeal, after both briefs were filed, another panel of this court published an opinion affirming imposition of the visitation condition. *United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019) (per curiam). Reasoning that the Fifth Circuit has not addressed the visitation condition's constitutionality or statutory reasonableness or whether a district court must give reasons for imposing it, the *Cabello* court found no plain error and rejected challenges identical to Prentice's. *Id.* *Cabello* has already been cited repeatedly for its holding that defendant-appellants cannot show plain error. *See, e.g., United States v. Kwan*, 772 F. App'x 148, 149 (5th Cir. 2019); *United States v. Dominguez-Villalobos*,774 F. App'x 226, 227 (5th Cir. 2019); *United States v. Ortiz-Najera*, 772 F. App'x 207, 208 (5th Cir. 2019).

This panel does the same. Following *Cabello*, Prentice cannot satisfy the second prong of plain error because any error was not "clear or obvious" and was instead "subject to reasonable dispute." *See Puckett*, 556 U.S. at 135. We therefore **AFFIRM**.