# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2020

Lyle W. Cayce
Clerk

No. 19-50665
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FERNANDO PADILLA BECERRA, *also known as* KALIFA, *also known as* FERNANDO BECERRA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-505-5

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Fernando Padilla Becerra pleaded guilty to two drug offenses and was sentenced to concurrent terms of 250 months of imprisonment and five years

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50665

of supervised release. Now for the first time on appeal, he challenges certain conditions of supervised release included in his written judgment.

We review for plain error because Becerra had an opportunity to object and failed to do so when the district court orally adopted a courtwide standing order listing the challenged conditions. *See United States v. Diggles*, 957 F.3d 551, 560-61 (5th Cir. 2020) (en banc). For the same reason that plain-error review applies, the district court's oral adoption of the standing order satisfied the requirement that it orally pronounce those conditions of supervised release. *See id.* at 560. We are unpersuaded that Becerra has demonstrated any other reversible plain error with respect to those conditions. *See United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019) (per curiam); *United States v. Scroggins*, 599 F.3d 443, 446-47 (5th Cir. 2010).

AFFIRMED.