In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 16-2373

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DEREK ORTIZ,

*Defendant-Appellant*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 187 — **Matthew F. Kennelly**, *Judge*.

_____

SUBMITTED NOVEMBER 28, 2016 — DECIDED DECEMBER 6, 2016

_____

Before POSNER, KANNE, and ROVNER, *Circuit Judges*.

POSNER, *Circuit Judge*. This case is before us for the third time, requiring us again to consider the adequacy of the conditions of supervised released imposed by the district judge after we twice reversed and remanded for reconsideration of the conditions that he had opposed. See *United States v. Thompson*, 777 F.3d 368, 378–80 (7th Cir. 2015), and *United States v. Ortiz*, 817 F.3d 553 (7th Cir. 2016).

The appellant, Derek Ortiz, had been sentenced to prison for 135 months for three bank robberies. His appeals did not challenge his prison sentence, but only the conditions of supervised release imposed by the district judge. We twice reversed the judge's supervised-released rulings and remanded for full resentencing. On the second remand the judge reimposed the 135-month prison sentence but altered the conditions of supervised release. Ortiz has again appealed, challenging four of the altered conditions: the condition permitting a probation office to visit the defendant "at any reasonable time" at home or "any reasonable location" specified by the probation officer; the condition requiring Ortiz to report "any significant change" in his economic circumstances; the condition requiring him to report to the probation officer "in the manner and frequency" directed by the officer; and the condition requiring him to participate in a substance abuse, an alcohol treatment, and a mental health treatment program approved by the probation officer and to "abide by the rules and regulations of [each] program."

We find no merit in the defendant's objections. To begin with defense counsel informed the district court that he had attempted to discuss the proposed conditions with Ortiz, and that Ortiz had refused to discuss them, though he did receive them from counsel. Neither Ortiz nor his counsel filed written objections to any of the proposed conditions. At the sentencing hearing, counsel expressed concern about ordering the defendant to engage in community service if he was unemployed; though Ortiz was told by the district judge at the hearing that this was Ortiz's chance to question the conditions of supervised release, Ortiz did not do so. So he waived objections to the conditions, and in addition, de-

spite what his counsel says in his appeal briefs, we can't find any error in the conditions.

Counsel says for example that the word "reasonable" in the first condition is vague. He suggests that the judge should specify the hours in which the probation officer can visit the defendant; he suggests 6 a.m. to 10 p.m. Yet that span seems unreasonable. Most people are asleep at 6 a.m., and many people are asleep or at least in bed by 10 p.m. As for reasonable location, counsel has no suggestion except that the condition should "specify particular places." But any such specification would depend on Ortiz's work or other schedule, and as it will be years until he's released from prison it is impossible now to specify particular places where the probation officer can visit him upon his release. Counsel raises a valid concern about a visit to Ortiz place of employment, if he is employed after his release from prison, because a visit by a probation officer might make the employer think that Ortiz might be a criminal. But this is where the limit to "reasonable" place clicks in; visiting Ortiz at his place of employment might well be thought unreasonable, and if attempted would therefore give Ortiz grounds for asking the district judge to forbid such visitations.

Nor can we see any problem with requiring Ortiz to inform his probation officer of any "significant" change in his economic circumstances. Counsel objects that since he's indigent he has no economic circumstances. But the condition will not take effect until he is released from prison, years hence (he's served about half of his 135-month term). As a bank robber, he certainly demonstrated an interest in obtaining favorable economic circumstances, and it is appropriate that he should be required to apprise his probation officer of

any nontrivial change in those circumstances after he's released from prison.

Counsel objects to the third condition, which requires Ortiz to report to his probation officer "in the manner and frequency" that the probation officer directs. Again vague, to be sure, but given that it will be years before Ortiz is released from prison, it is impossible to be more specific.

As for the last condition, which requires Ortiz to participate in an alcohol treatment program approved by the probation officer, abide by the program's rules and regulations, and participate in a mental health treatment program approved by the probation officer and abide by the rules and regulations of that program as well, Ortiz complains that without being informed of these programs' rules and regulations now, he can't know what he must do to make sure he complies with them. But as before, he doesn't need to be informed now of rules and regulations that will not come into force until, years from now, he's released from prison. Upon release and entry into the programs, he'll be told what their rules and regulations are and by obeying them will avoid getting into trouble.

Finding no merit whatever to counsel's objections to the conditions of supervised release, we affirm the judgment of the district court.