NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2018
Decided February 27, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-2247

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-cr-10049-001 |
| RICHARD L. SILLS, *Defendant-Appellant.* | Michael M. Mihm, *Judge*. |

**O R D E R**

Richard Sills pleaded guilty to three counts of receiving and one count of possessing child pornography in violation of 18 U.S.C. §§ 2252(a), (b). He was sentenced to 240 months' imprisonment (below the 262-month bottom of his uncontested guidelines range), 10 years' supervised release, and $4,000 in restitution for a victim known as "Cindy." Sills has filed a notice of appeal, but his appointed lawyer moves to withdraw because, she says, she cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Sills opposes counsel's motion. *See* CIR. R. 51(b). Counsel reports that she consulted with Sills and confirmed that he does not want to withdraw his guilty pleas; thus, counsel rightly refrains from further exploring whether the pleas were knowing and voluntary. *See United States v. Konczak*,

683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Because counsel's brief appears to be thorough, we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Sills could challenge the reasonableness of his below-guidelines imprisonment term. But a below-guidelines sentence is presumed not to be unreasonably high, *see United States v. White*, 868 F.3d 598, 603 (7th Cir. 2017), and none of the policy-based objections to the child-pornography guidelines that Sills raised in the district court could plausibly upset that presumption here.

Counsel relatedly asks whether Sills's imprisonment term could be considered a de facto life sentence and challenged as unreasonable on that ground. But the district court considered this argument, noted that some government actuarial tables suggested a life expectancy of at least another 20 years for Sills, and opined that his 240-month sentence (effectively 17 years with good-time credit) was not really the same as a natural-life sentence. In any event, that factor would simply be one among many to consider at sentencing, and the district court considered it here. *See United States v. Johnson*, 685 F.3d 660, 663 (7th Cir. 2012).

Counsel also explores whether Sills could challenge the terms of his supervised release. But she rightly notes that Sills did not object to the proposed conditions, and thus that any challenge to them is forfeited. *See United States v. Ortiz*, 843 F.3d 294, 297 (7th Cir. 2016). In any event, counsel discerns no potential error in the terms of release.

Counsel next considers whether Sills could challenge his restitution amount. But as counsel recognizes, a district court's discretion in crafting a restitution award under *Paroline v. United States*, 134 S. Ct. 1710 (2014), is quite broad. Counsel sees no reasonable argument that this discretion was abused here.

Indeed, the district court applied the very "1/n method" that we approved in *United States v. Sainz*, 827 F.3d 602, 604, 606–07 (7th Cir. 2016). That is, the court divided Cindy's total damages ($1,608,708) by the number of defendants in Cindy-related cases to-date (365), to get a figure of $4,407. Because Sills did not distribute any images of Cindy, contribute to their original production, or possess more than one of them, the judge then reduced the sum to $4,000. Sills had argued for a greater deduction to account for the growing list of defendants in Cindy-related cases, but nothing required the district court to accept that proposal. A court cannot reliably consider future

defendants' potential to reduce Sills's share of responsibility without simultaneously accounting for the increase that additional defendants might cause in Cindy's total damages. It would be unsound to use such projections to increase the denominator without also considering their effect on the numerator. Using only the number of defendants to-date and the victim's damages to-date, as the *Sainz* method does, avoids these pitfalls.

Finally, Sills's Rule 51(b) response says that at sentencing he failed to object to various government comments about his incriminating statements to investigators because he is "hard of hearing" and did not realize what was said in court. But he was represented by counsel at sentencing, and the comments he lists here were previewed in the written presentence investigation report. He also stresses that his prior offenses were decades old, but the district court recognized that fact. These proposed challenges to the sentence would be frivolous.

Accordingly, we grant counsel's motion and dismiss the appeal.