# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10360

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIAM JAMES PAYTON,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2020

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before SOUTHWICK, COSTA, and DUNCAN, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

The defendant pled guilty to interference with commerce by robbery and to brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 2, 1951(a), and 924(c)(1)(A)(ii). On appeal, the defendant challenges as substantively unreasonable the imposition of a standard condition of supervised release requiring him to "permit a probation officer to visit at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer." We AFFIRM.

No. 19-10360

FACTUAL AND PROCEDURAL BACKGROUND

In March 2018, William James Payton and two other men robbed a Sprint store in Fort Worth, Texas. During the robbery, Payton pointed a .380-caliber handgun at individuals inside the store. The robbers obtained $94 cash and 41 cell phones, but police soon apprehended them.

Payton pled guilty to interference with commerce by robbery and to brandishing a firearm during a crime of violence. Following his guilty plea, a probation officer prepared a presentence investigation report ("PSR"). The PSR calculated a total offense level of 22. The probation officer calculated six points of criminal history based on Payton's prior offenses, including: multiple convictions for possession of marijuana, theft of merchandise worth $499, attempted burglary, carrying a concealed weapon, resisting arrest, making terrorist threats, and an unlawful transaction with a minor. The PSR identified multiple probation revocations and multiple pending convictions for Payton, one of which resulted in the revocation of his pretrial release in this case. Payton's six criminal history points placed him in criminal history category III. The resulting advisory sentencing range was 51 to 63 months of imprisonment for the robbery conviction and 84 months for the firearm conviction.

The district court sentenced Payton to 135 months of imprisonment. This sentence included 51 months for the robbery conviction and 84 months for the firearm conviction. The district court further imposed a three-year term of supervised release and ordered Payton to comply with the standard conditions of supervised release. Payton objected to the reasonableness of the standard condition permitting a probation officer to visit him at any time at home or elsewhere and permitting confiscation of any contraband the probation officer observes in plain sight. The district court overruled the objection. Payton timely appealed.

2

No. 19-10360

DISCUSSION

## I.     *Ripeness*

The Government argues that Payton's claim is not ripe.  Ripeness is a jurisdictional issue that we review *de novo*.  *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).  "A claim is not ripe for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003) (quotation marks omitted).  "A court should dismiss a case for a lack of ripeness when the case is abstract or hypothetical."  *Greenstein*, 691 F.3d at 715.

We have previously held that "[i]f the strictures of a condition are patently mandatory — *i.e.*, their imposition is not contingent on future events — then a defendant's challenge to that condition is ripe for review on appeal."  *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016) (quotation marks omitted).  The relevant condition here requires Payton to "permit a probation officer to visit [him] at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer."  The application of this condition does not involve speculation because upon the beginning of supervised release it will immediately be in effect.  The challenge is ripe for judicial review.

## II.     *Substantive reasonableness of the condition of probation*

Because Payton objected to the imposition of the condition, we review his substantive reasonableness challenge for an abuse of discretion.  *United States v. Ellis*, 720 F.3d 220, 224 (5th Cir. 2013).  "District courts have wide discretion in imposing conditions of supervised release."  *United States v. Dean*, 940 F.3d 888, 891 (5th Cir. 2019).  Indeed, a district court "may impose any condition of supervised release it considers to be appropriate" if the condition comports with the requirements of 18 U.S.C. § 3583(d).  *See United States v. Weatherton*,

No. 19-10360

567 F.3d 149, 153 (5th Cir. 2009). Accordingly, a condition of supervised release must reasonably relate to one of four factors:

> (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.

*Id.* (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)). Additionally, the condition must be narrowly tailored such that it does not involve a "greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs." *Id.* (citing §§ 3583(d)(2), 3553(a)(2)(B), (a)(2)(C), (a)(2)(D)).

Payton does not argue that the standard condition is not reasonably related to these statutory factors. Instead, he argues the standard condition is unreasonably broad — and therefore not narrowly tailored — for two reasons. His argument is that the phrase "at any time" improperly provides no temporal limitation on when a probation officer may conduct a visit, and, second, the "at home or elsewhere" language provides no limitation on the location of any meeting. Payton contends this condition requires him "to be available to meet with his probation officer at any place and at any time, day or night." Payton relies on Seventh Circuit cases that remanded for resentencing sentences involving nearly identical conditions of supervised release as the standard-visitation condition. *See United States v. Henry*, 813 F.3d 681 (7th Cir. 2016); *United States v. Poulin*, 809 F.3d 924 (7th Cir. 2016); *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 386 (7th Cir. 2015). *But see United States v. Muñoz*, 812 F.3d 809, 821–22 (10th Cir. 2016) (upholding the imposition of a nearly identical standard condition of

4

supervised release); *United States v. Clarke*, 428 F. App'x 712, 713 (9th Cir. 2011) (same).

Our analysis begins with the statutory authority for the imposition of supervised release, which is found in 18 U.S.C. § 3583. In turn, Section 3583(d) incorporates as possible conditions of supervised release the conditions of probation listed in Section 3563. The list includes 23 discretionary conditions that sentencing courts may impose. § 3563(b). One of the suggested conditions is that the defendant "permit a probation officer to visit him at his home or elsewhere as specified by the court." § 3563(b)(16).

The discretionary conditions listed in Section 3563 are similar to the 13 standard conditions recommended in the Sentencing Guidelines. Indeed, many of these recommended conditions are identical to or expand on some of the discretionary conditions listed in Section 3563. *Compare* U.S.S.G. § 5D1.3(c), *with* 18 U.S.C. § 3563(b). The Guidelines recommend as a standard condition that "[t]he defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view." U.S.S.G. § 5D1.3(c)(6).

In 2016, as part of its "multi-year review of sentencing practices relating to federal probation and supervised release," the United States Sentencing Commission evaluated the recommended standard conditions and left intact the "any time" and "home or elsewhere" language of the standard condition regarding probation officer visits. *See* U.S. SENTENCING GUIDELINES MANUAL, supp. to app. C, at 168; 162 (U.S. SENTENCING COMM'N 2016). In its Reason for Amendment, the Sentencing Commission rejected the Seventh Circuit's criticism of this condition; the Commission concluded that "in some circumstance[s], adequate supervision of defendants may require probation

officers to have the flexibility to visit defendants at off-hours, at their workplaces, and without advance notice to the supervisee." *Id.* at 171.

This standard condition as recommended by the Guidelines has been incorporated into Administrative Office of the United States Courts Form 245B, "Judgment in a Criminal Case." *See* ADMIN. OFFICE OF THE U.S. COURTS, AO 245B, JUDGEMENT IN A CRIMINAL CASE (2019). That form is substantially similar to the visitation condition imposed here.

The Sentencing Commission reasonably concluded that adequate supervision may at times require the imposition of this standard condition. As to Payton, the district court implicitly found that adequate supervision required this standard-visitation condition. The condition, as imposed here, reasonably relates to the statutory factors set forth in Section 3553(a), a point Payton does not contest. Payton's argument that the standard-visitation condition is not narrowly tailored focuses on only part of the district court's consideration in imposing the condition. The condition of supervised release must be narrowly tailored such that it does not involve a "greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)." § 3583(d)(2). The liberty rights of parolees, though, are limited compared to an average citizen. *See United States v. Winding*, 817 F.3d 910, 916 (5th Cir. 2016).

In light of Payton's violent conduct, prior drug convictions, multiple probation violations, and failure to abide by the terms of pretrial release, the district court did not abuse its discretion by imposing this condition.

AFFIRMED.