# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2022

Lyle W. Cayce
Clerk

No. 21-10451
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEREMY DEVONTE WHITE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-281-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Jeremy Devonte White has appealed his jury conviction of being a felon in possession of a firearm. He challenges the sufficiency of the evidence to support his conviction. Because error was preserved, our review is de novo. *See United States v. Johnson*, 990 F.3d 392, 398 (5th Cir. 2021).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10451

To obtain a conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the Government must prove beyond a reasonable doubt that the defendant was a convicted felon, who thereafter knowingly received, possessed, or transported a firearm that was in or affecting interstate commerce. *See Johnson*, 990 F.3d at 400; *United States v. Dancy*, 861 F.2d 77, 81 (5th Cir. 1988). The Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *See Johnson*, 990 F.3d at 400; *see also Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). White contends only that the Government failed to prove that he possessed a firearm.

We view the evidence in the light most favorable to the verdict, which will be upheld "if a rational trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." *See Johnson*, 990 F.3d at 398.

We have reviewed the trial testimony and the Government's exhibits. The evidence was sufficient to convict. White fled from a traffic stop carrying a backpack. During his flight through a residential neighborhood, he must have discarded the backpack because a homeowner's surveillance video showed him without it. In the path of White's flight, a backpack was discovered that contained a Glock handgun with a large extended magazine. The evidence allowed the jury to conclude the backpack and the gun inside were White's. In addition to the sequence of events described above, a YouTube video showed White and a handgun with an extended clip that appeared to be the one found in the backpack. Plus, a cellphone found in the backpack had texts that could be linked to White. All this was sufficient to prove White possessed the gun found in the backpack.

In sentencing White, the district court imposed the following condition of supervised release: "You must allow the probation officer to

2

No. 21-10451

visit you at any time at your home or elsewhere, and you must permit the probation officer to take away items prohibited by the conditions of your supervision that he or she observes in plain view." White contends that this condition is unreasonable because it is not limited as to time and place. As he concedes, the issue is foreclosed by *United States v. Payton*, 959 F.3d 654, 656, 658 (5th Cir.), *cert. denied*, 141 S. Ct. 444 (2020).

The district court's judgment is AFFIRMED.