NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2022
Decided March 10, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1835

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-CR-223 |
| BREANNA E. PIESCHEL, *Defendant-Appellant*. | William C. Griesbach, *Judge*. |

**O R D E R**

Breanna Pieschel pleaded guilty to a single count of conspiring to distribute and possess with intent to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. The district court sentenced her to 60 months' imprisonment and 4 years' supervised release. Pieschel appeals, but her counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and discusses the potential issues that an appeal like this would be expected to involve. Because this analysis appears adequate and Pieschel has not responded to the motion despite being granted an extension to do so, *see* CIR. R.

51(b), we limit our review to the potential issues counsel identifies. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel begins by evaluating the validity of the plea but does not state whether he discussed the risks of such a challenge with Pieschel. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). This omission is harmless, however, because our review of the plea colloquy transcript reflects that the district court substantially complied with Federal Rule of Criminal Procedure 11(b) before accepting the guilty plea. Pieschel did not move to withdraw her plea in the district court, so we would review the plea colloquy for plain error. S*ee United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Under this standard, an error is reversible if it affected Pieschel's substantial rights. *See id*. The district court omitted one required part of the colloquy— the court did not inform Pieschel of her right to be represented by counsel at trial and at every other stage of the proceeding. *See* FED. R. CRIM. P. 11(b)(1)(D). But an omission is harmless if the defendant already knew of that right. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). Pieschel was represented by appointed counsel during her plea hearing, and we therefore have no reason to think she did not understand her right to counsel. Nothing in the transcript otherwise suggests that the plea was not knowing and voluntary. *See* FED. R. CRIM. P. 11(b)(2).

Counsel next considers whether Pieschel could challenge the procedural regularity or the reasonableness of her 60-month statutory minimum prison sentence and her 4-year statutory minimum term of supervised release. But, as counsel indicated, any challenge would be pointless. The court adopted the presentence investigation report which calculated a sentence range of 84 to 105 months in prison and at least 4 years of supervised release. Counsel does not identify any potential errors in the guidelines calculation and Pieschel did not object to the adoption of the presentence investigation report. We presume that a below-guidelines sentence is reasonable, *see United States v. Patel*, 921 F.3d 633, 672 (7th Cir. 2019), and nothing in this record would rebut that presumption. In this case, the district court lacked the discretion to impose a sentence below the statutory minimum of 60 months' imprisonment and 4 years' supervised release. *See* 21 U.S.C. § 841(b)(1)(B).

Finally, counsel considers whether Pieschel could raise a nonfrivolous challenge to the conditions of supervised release and appropriately concludes that she cannot. The court did not repeat every condition at the sentencing hearing, but Pieschel had notice of the conditions in the presentence investigation report, waived a reading of the conditions, and did not object to the conditions, so any challenge would be waived.

*See United States v. Ortiz*, 843 F.3d 294, 297 (7th Cir. 2016). We note, though counsel did not, that the presentence investigation report did not mention DNA collection, which is a condition of Pieschel's supervised release. But any argument about that condition would be futile because the condition is mandatory. *See* 34 U.S.C. § 40702(a)(2); *see also Maryland v. King*, 569 U.S. 435, 465–66 (2013) (permitting DNA collection from arrestees).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.