24-942
*United States v. Borrero*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand twenty-five.

PRESENT:   Steven J. Menashi,
                     Eunice C. Lee,
                     Alison J. Nathan,
                                *Circuit Judges.*

_____

United States of America,

                    *Appellee*,

          v.                                                            No. 24-942

Robert Smith, AKA Robbie,

                    *Defendant*,

Christian Borrero,

*Defendant-Appellant.*

_____

*For Appellee*:                          MARY G. VITALE, Assistant United States Attorney (Conor M. Reardon, Assistant United States Attorney, *on the brief*), *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut, New Haven, CT.

*For Defendant-Appellant*:               DONNA R. NEWMAN, Law Office of Donna R. Newman, P.A., New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED AND REMANDED** in part.

In this appeal, Christian Borrero argues that the district court erred in imposing conditions of supervised release by (1) failing to explain which standard conditions it would impose at the sentencing hearing, and (2) issuing a written judgment reflecting a drug-treatment outpatient care condition that varied from the inpatient or outpatient care condition it described at the sentencing hearing. Borrero additionally argues that standard condition six—which allows a probation officer to visit him at any time and to confiscate contraband in plain view—is vague, overbroad, unsupported, and duplicative.

We see no error in the imposition of standard condition six. Nevertheless, because the parties agree that a remand is necessary for the district court to orally pronounce conditions of supervised release that match the written judgment, we

vacate the standard conditions and the drug-treatment condition and remand for further proceedings. We assume the parties' familiarity with the facts and the procedural history.

# I

In the summer of 2022, Borrero undertook a nine-day crime spree involving armed robberies and carjackings.[1] First, he used a pistol to rob a Citgo late at night. Four days later, he stole a car from a pizza delivery driver at gunpoint. He drove that car to a 7-Eleven to commit another armed robbery. Three days after that, he drove his mother's car to a Shell station and—while armed and masked—stole its cash register. That car apparently broke down, so he stole a Toyota from a woman in her own driveway. The next day, he drove the Toyota to an Xpress Mart that he robbed at gunpoint. Local police found and arrested Borrero in his apartment. He possessed two firearms, one of which was stolen.

Borrero pleaded guilty to two violations of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced him to the mandatory minimum term of fourteen years in prison, followed by five years of supervised release. At the sentencing hearing, the district court imposed five mandatory conditions of supervised release, "all of the standard conditions" of supervised release, and five special conditions of supervised release. Two of the special conditions are relevant to this appeal: the district court directed that Borrero "participate in a program recommended by the Probation Office and approved by the Court for substance abuse treatment," which will "be outpatient or inpatient," and that he "must submit [his] person, residence, … or vehicle, to a search, conducted by a United States probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence that [he has] violated a condition of release." App'x 97-99.

---

[1] We rely on the facts recounted in the presentence report that the district court adopted and to which Borrero did not object. *See* App'x 75-76.

3

The conditions the district court described at the sentencing hearing—the five mandatory and five special conditions—each appeared in the written judgment. The written drug-treatment condition, however, required Borrero to participate in an outpatient program without mentioning an inpatient option. The written judgment also included twelve of the thirteen standard conditions, omitting the standard condition that requires a defendant to notify a person when the probation officer determines that the defendant poses a risk to that person. *See* U.S.S.G. § 5D1.3(c)(12). Standard condition six required Borrero to "allow the probation officer to visit [him] at any time at [his] home or elsewhere" and to "permit the probation officer to take any" contraband "in plain view." App'x 107.

**II**

Borrero argues that the standard conditions of supervised release in the written judgment must be vacated because the district court did not adequately describe those conditions at his sentencing hearing. We recently held that a sentencing court must, "as part of the pronouncement of the sentence in the presence of the defendant during the sentencing proceeding, expressly adopt or specifically incorporate by reference particular conditions that have been set forth in writing and made available to the defendant in the PSR, the Guidelines, or a notice adopted by the court." *United States v. Maiorana*, 153 F.4th 306, 314 (2d Cir. 2025). In light of that decision, the parties agree that the standard conditions imposed in the written judgment must be vacated and the judgment remanded for the district court to decide whether to reimpose the conditions in compliance with *Maiorana*. We therefore do so. *See United States v. Halls*, No. 22-360, 2025 WL 2793376, at *4 (2d Cir. Oct. 1, 2025).

The parties dispute whether the drug-treatment condition should be enforced as orally pronounced or as described in the written judgment. Because we have already decided to remand for the district court to consider reimposing the standard conditions of supervised release, we also vacate the drug-treatment condition and remand for the district court to decide whether to reimpose the

4

condition as reflected in the oral or written judgment. *See United States v. Confredo*, 1 F. App'x 68, 71 n.4 (2d Cir. 2001) ("[B]ecause we are remanding for the other reasons discussed above, we find it prudent to allow the district court explicitly to consider these issues on remand."); *see also United States v. Thomas*, 299 F.3d 150, 156 (2d Cir. 2002) (asking the district court to "make clear during the sentencing hearing exactly which conditions of release it intends to impose").

### III

Borrero challenges the imposition of standard condition six, which allows the probation officer to visit him and to confiscate contraband in plain view. Although that condition is subject to a *Maiorana* remand, we may address "issues calling for guidance on remand." *United States v. Amico*, 486 F.3d 764, 767 (2d Cir. 2007).

Borrero argues that standard condition six (1) is vague and overbroad, (2) delegates too much authority to the probation officer, (3) lacks support in Borrero's history and offense conduct, and (4) duplicates the special search condition. "We review the district court's imposition of this condition of supervised release for abuse of discretion." *United States v. Carlineo*, 998 F.3d 533, 536 (2d Cir. 2021). The district court did not abuse its discretion when it imposed standard condition six.

First, the condition is not vague. The condition allows the probation officer to "visit you at any time at your home or elsewhere." App'x 107; *see* U.S.S.G. § 51D.3(c)(6). That language has a straightforward meaning: the probation officer may visit Borrero any time at any place. *See United States v. Muñoz*, 812 F.3d 809, 821 (10th Cir. 2016) ("Mr. Muñoz argues that the condition is vague because the phrase 'at home or elsewhere' could be interpreted to allow the probation officer to visit anywhere at any time. This interpretation is correct.") (footnote omitted); *see also United States v. Etienne*, 102 F.4th 1139, 1146 (11th Cir. 2024) ("The term 'visiting' is not vague.").

Nor is the condition overbroad. In 2016, the Sentencing Commission considered narrowing standard condition six. *See United States v. Payton*, 959 F.3d 654, 657 (5th Cir. 2020). The Commission decided to retain the condition because "in some circumstances, adequate supervision of defendants may require probation officers to have the flexibility to visit defendants at off-hours, at their workplaces, and without advance notice to the supervisee." *Id.* at 657-58 (alteration omitted). And because "it will be years until he's released from prison it is impossible now to specify particular places where the probation officer can visit him upon his release." *United States v. Ortiz*, 843 F.3d 294, 297 (7th Cir. 2016). As a result, standard condition six, like the special search condition, "gives probation officers the 'considerable investigative leeway' they need to monitor an individual on supervised release, such that they can act as the 'eyes and ears' for the court." *United States v. Oliveras*, 96 F.4th 298, 311 (2d Cir. 2024) (quoting *United States v. Reyes*, 283 F.3d 446, 455, 457 (2d Cir. 2002)). "Courts have therefore resisted restricting Standard Condition Six, because allowing the supervisee to be monitored at only certain times and locations would frustrate the purpose of supervision, especially ensuring the supervisee's compliance with supervised release and reporting non-compliance." *United States v. Schofield*, No. 23-CR-481, 2025 WL 416873, at *2 (E.D.N.Y. Feb. 6, 2025) (internal quotation marks and alteration omitted).

Second, the condition does not delegate too much authority to the probation officer. The district court may not allow the probation officer to "fashion a sentence's terms," but the district court may allow the probation officer to "supervise and execute a sentence." *Carlineo*, 998 F.3d at 538. When a probation officer determines the "details of supervised release such as a [visit's] schedule or duration"—as the officer does pursuant to standard condition six—the officer is permissibly "supervis[ing] and execut[ing] a sentence." *Id.*

Third, Borrero's history and offense conduct supported the imposition of standard condition six. Borrero's conviction arose out of a spree of armed robberies and car jackings. Police officers found the firearms Borrero used for

6

those crimes in his apartment. Borrero also has a history of illicit drug use. That background justified monitoring to ensure that Borrero would comply with the conditions of supervised release and would refrain from further crimes, illegal possession of firearms, and illicit drug use—both at his home and elsewhere. *See Reyes*, 283 F.3d at 455-57; *Schofield*, 2025 WL 416873, at *2.

Fourth, standard condition six did not duplicate the special search condition. "[T]hese conditions contain different requirements." *Muñoz*, 812 F.3d at 822. Standard condition six authorizes unannounced visits but allows a search only of items in plain view; the special search condition, by contrast, authorizes a more invasive search when justified by reasonable suspicion. "[O]ur approval of the condition authorizing suspicionless home visits [has] rested, in part, on the recognition that 'a home visit is far less intrusive than a full-scale probation search,'" which is why "we have heretofore approved conditions permitting searches of a supervisee's home only upon reasonable suspicion." *Oliveras*, 96 F.4th at 315 (alteration omitted) (quoting *Reyes*, 283 F.3d at 462). Standard condition six and the special search condition do not duplicate each other.[2]

\* \* \*

---

[2] In his opening brief, Borrero briefly challenges the special condition relating to restitution. But "[m]erely mentioning the relevant issue in an opening brief is not enough; issues not sufficiently argued are in general deemed waived and will not be considered on appeal." *Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009) (internal quotation marks and alteration omitted).

We have considered Borrero's remaining arguments, which we conclude are without merit. For the foregoing reasons, we vacate the judgment of the district court insofar as it imposed the standard conditions of supervised release and the drug-treatment special condition, and we remand for further proceedings consistent with this order. We otherwise affirm.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court